# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

CARLTON P. WILSON,                      )
                                        )
                  Petitioner,           )
                                        )
         v.                             )          CAUSE  NO. 3:17-CV-634-PPS-MGG
                                        )
WARDEN,                                 )
                                        )
                  Respondent.           )

## OPINION AND ORDER

Carlton P. Wilson, a prisoner without a lawyer, filed an amended habeas petition

challenging his guilty plea and 20 year sentence for arson in 71D08-1102-FB-17 by the St.

Joseph Superior Court on January 17, 2017. ECF 9. However, before I can consider the

merits of a habeas petition, the petitioner must have exhausted all available remedies in

state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

Here, Wilson acknowledges that he has not presented his claims to the Indiana

Supreme Court. Indeed, he has not raised them in the State courts at any level. He

explains that he was unable to do so because he did not have access to the law library in

the St. Joseph County Jail. However, Wilson is now in the Westville Correctional

Facility. His lack of access to the jail library in the past did not prevent him from filing

this habeas corpus petition. Neither does his previous lack of access to the jail library

prevent him from filing a post-conviction relief petition in the State courts now.

Accordingly, this habeas petition must be dismissed without prejudice. If necessary,

after he has exhausted his available state court remedies, he can file a new habeas corpus petition.

When dismissing a habeas corpus petition because it is unexhausted, "a district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Wilson pleaded guilty on January 17, 2017. Though he did not pursue a direct appeal, he had until February 16, 2017 to do so. Therefore, pursuant to 28 U.S.C. 2244(d)(1)(A), his one-year limitations period to file a federal habeas corpus petition began the next day. *See* Indiana Rule of Appellate Procedure 9(A)(1). The one-year limitations period will not expire until February 20, 2018. *See* Federal Rule of Civil Procedure 6(a)(1)(C) and 6(a)(6)(A). However, when he files a post-conviction relief petition presenting his claims to the Indiana courts, the period of limitation will be tolled pursuant to 28 U.S.C. 2244(d)(2). Therefore, dismissing this petition will not effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claims in State court. Thus, in this case, a stay would not be appropriate.

Finally, pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling, and (2) whether the petition states a valid claim for

denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Wilson to proceed further in federal court until he has exhausted his claims in State court. Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the Court:

(1) **DISMISSES** the amended habeas corpus petition (ECF 9) pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted;

(2) **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) **DENIES** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

ENTERED:  December 4, 2017.

  / Philip P. Simon
Judge
United States District Court